IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HUBERT JACKSON, AJ-2373, )
    Petitioner, )
     )
v. ) Civil Action No: 2:09-cv-87
     )
SUPERINTENDENT ROZUM et al., )
    Respondents. )

Memorandum and Order

Mitchell, M.J.

Hubert Jackson has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a valid basis for appeal exists, a certificate of appealability will be denied.

Jackson is presently incarcerated at the State Correctional Institution at Somerset serving a twenty to forty year sentence imposed following his plea of nolo-contendere to charges of rape, burglary, aggravated assault and terroristic threats at No. CC 198810278 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on October 18, 1989.[1] No appeal or other relief in the state courts was pursued.[2]

In the instant petition executed on January 20, 2009, Jackson contends he is entitled to relief on the following grounds:

1. False imprisonment due to fraud by officers of the court rendering judgment of

---

[1] See: Petition at ¶¶ 1-6.

[2] See: Petition at ¶ ¶ 7 and 10. However, Jackson does represent that on November 10, 2008, he mailed a notice of appeal to the Court of Common Pleas (See: Docket Entry No.6).

1

sentence in violation of due process.

2. Deprivation of freedom beyond term of sentence in violation of the federal cruel and unusual punishment clause.

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the petitioner was sentenced on October 15, 1989 and no appeal was pursued .In <u>Kapral v. United States</u>, 166 F.3d 565 (3d Cir.1999), the Court noted that in the absence of the filing of a petition for review, the judgment becomes final when the time period in which to seek that review expires. Thus, the petitioner's conviction became final on November 14, 1989. The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. Thus, the petitioner would have had one year from that date to seek relief here. Since, the instant petition was executed on January 20, 2009, far in excess of the one year period in which to seek relief has expired, and the petition here is time barred.

2

Additionally, it should also be noted that there was no impediment created by state law which prevented the petitioner from raising the issues which he seeks to raise here; the grounds which the petitioner alleges in support of the instant petition are not "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" and there is no factual basis for alleging a newly discovered claim. Thus, the instant petition is time barred.

Additionally, It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application" clauses have independent meaning.

In the instant case, the petitioner concedes that he never sought relief in the appellate courts of the Commonwealth, although he is apparently currently attempting to file an appeal in the Court of Common Pleas, so the instant petition is also barred for failure to exhaust the available state court remedies.

The petitioner is put on notice of this proposed disposition and in the objection process can on or before March 6, 2009 provide the Court with any appropriate response he deems appropriate as mandated by the decision in United States v. Bendolph, 409 F.3d 155 (3d.Cir.2005) (en banc).

For this reason, the petition of for a writ of habeas corpus will be dismissed, and that a certificate of appealability will be denied.

Dated: February 19, 2009

s/Robert C. Mitchell,
United States Magistrate Judge